IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SAMUEL VAVRO, ) | |
|     Plaintiff, ) | Civil Action File No. |
| ) | |
| v. ) | |
| ) | |
| ARC GROUP WORLDWIDE INC., ) | JURY TRIAL DEMANDED |
| ADVANCED FORMING ) | |
| TECHNOLOGY INC., ) | |
| 3D MATERIAL TECHNOLOGIES LLC, ) | |
|     Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff, Samuel Vavro, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby initiates this lawsuit, showing the Court as follows:

### Introduction

1. This is an action for unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), for breach of contract under Georgia law, and for violation of O.C.G.A. § 10-1-702.

### Jurisdiction and Venue

2. Plaintiff is a United States citizen and resident of Fulton County, Georgia.

3. Defendant ARC Group Worldwide, Inc. ("ARC"), is a Utah corporation with its principal place of business in Florida.

4. Defendant Advanced Forming Technology, Inc. ("AFT"), is a Colorado corporation with its principal place of business in Colorado.

5. Defendant 3D Material Technologies, LLC ("3DMT") is a Delaware company with its principal place of business in Florida.

6. AFT and 3DMT are each wholly-owned subsidiaries of ARC (collectively, "ARC Group").

7. Plaintiff was employed by 3DMT in Georgia.

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises under the FLSA.

9. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Count II of this Complaint, which arises out of the same transaction or occurrence as Count I of this Complaint.

10. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 over Count II of this Complaint because there is complete diversity of parties and the amount in controversy is greater than $75,000.

11. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Count III of this Complaint because it arises out of the same transaction or occurrence as Count I of this Complaint.

12. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 over Count III of this Complaint because there is complete diversity of parties and the amount in controversy is greater than $75,000.

13. Venue is proper in this Court because certain employment practices described herein occurred in Fulton County, Georgia.

## Statement of Facts

14. Plaintiff was hired by AFT in August 2013.

15. Plaintiff was hired by AFT in Arizona to relocate and work in AFT's Colorado office.

16. Plaintiff worked for AFT as a Sales Engineer.

17. Plaintiff was hired at a rate of $94,000 per year.

18. Plaintiff's offer letter stated that Plaintiff would be eligible for the "Sales Bonus Compensation Plan" (the "Plan").

19. The Plan provided commissions based upon sales made.

20. The Plan was set by ARC to cover sales agents across ARC and all of its subsidiaries.

21. Plaintiff's offer letter stated that the Plan was "under development."

22. During Plaintiff's time with AFT, Plaintiff worked primarily in AFT's offices.

23. Plaintiff occasionally traveled to trade shows or customer locations across the country.

24. Plaintiff regularly worked over 50 hours per week for AFT.

25. During weeks that involved travel, Plaintiff worked approximately 70 hours per week for AFT.

26. AFT and ARC classified Plaintiff as an exempt employee and did not pay Plaintiff overtime.

27. Plaintiff did not supervise any employees.

28. Plaintiff was not an executive level employee.

29. Plaintiff's job duties did not include administrative tasks beyond keeping records of Plaintiff's sales and customer interactions.

30. Defendant did not track Plaintiff's time worked.

31. Plaintiff's position did not require a professional license.

32. Plaintiff was not paid a commission during his time with AFT.

33. On or about July 27, 2016, Plaintiff was provided with a finalized version of the Plan by Stu Gold, Executive Vice President of Global Sales and Marketing for ARC.

34. Plaintiff requested a signed agreement finalizing the Plan.

35. Gold assured Plaintiff that the plan was finalized, stating, "What I've already provided fully illustrates the bonus plan and represents our clear intent to pay out on it.  I've already reviewed it with [Drew Kelly, then-CFO of ARC] and the finance team as well.  You have my word and [Jason Young's, then-CEO of ARC]."

36. In January 2017, Plaintiff transferred to 3DMT.

37. As part of Plaintiff's transfer to 3DMT, Plaintiff relocated to Roswell, Georgia.

38. Plaintiff position title, job duties, and compensation remained the same following his transfer to 3DMT.

39. The only change in Plaintiff's work schedule following the transfer to 3DMT was an adjustment for the different time zone.

40. While working for 3DMT, Plaintiff was specifically assigned leads and customers in Georgia.

41. Plaintiff resigned from the ARC Group on July 5, 2017.

42. Plaintiff received no commissions for any of his sales with the ARC Group.

43. Plaintiff made sufficient sales to earn a commission under the Plan.

44. Upon information and belief, Plaintiff's commission during the effective period for the finalized Plan was $91,708.

45. Upon information and belief, Plaintiff would be owed at least an additional $60,000 if the Plan applied retroactively to Plaintiff's start date.

46. Plaintiff and the ARC Group entered into a Tolling Agreement attached hereto as Exhibit 1.

## Count I: Unpaid Overtime (FLSA)

47. Plaintiff reasserts and incorporates paragraphs 1 through 46 of this Complaint as if fully set forth herein.

48. Plaintiff worked approximately 50-70 hours per week for the ARC Group.

49. Plaintiff was misclassified as an exempt employee.

50. Plaintiff's job duties were not administrative in nature.

51. Plaintiff did not hold an executive position.

52. Plaintiff did not perform duties requiring professional licensure.

53. Plaintiff's sales duties were predominantly performed from his office.

54. Plaintiff was not paid one and one-half his regular rate for hours above 40 in any week of his tenure with the ARC Group.

55. Plaintiff reasonably believed he was exempt because the ARC Group promised Plaintiff commissions and told him he was exempt.

56. The ARC Group intentionally or willfully misclassified Plaintiff as exempt.

57. Plaintiff is therefore entitled to the full amount of unpaid overtime plus interest, liquidated damages equal to the unpaid overtime plus interest, attorney fees, and litigation costs.

## Count II:  Breach of Contract

58. Plaintiff reasserts and incorporates Paragraphs 1 through 57 of this Complaint as if fully set forth herein.

59. Plaintiff performed work in accordance with the agreement reached in his offer letter from the ARC Group.

60. The agreement reached between Plaintiff and the ARC Group included a commission structure.

61. Plaintiff was not fully compensated for the work he performed.

62. Plaintiff is therefore entitled to the full value of the commissions owed plus interest.

### Count III:  Unpaid Commissions (O.C.G.A. § 10-1-702)

63. Plaintiff reasserts and incorporates Paragraphs 1 through 62 of this Complaint as if fully set forth herein.

64. Plaintiff worked as a sales representative for the ARC Group.

65. As part of his offer letter, Plaintiff was promised commissions according to the Plan.

66. Plaintiff was provided a detailed commission structure.

67. Plaintiff was not paid his commissions when they were earned.

68. Plaintiff was not paid his commissions at all.

69. More than 30 days have passed since Plaintiff departed the ARC Group.

70. Plaintiff is therefore entitled to all amounts due under the Plan, exemplary damages of double the amount due under the Plan, attorney fees, and litigation costs.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully prays for relief as follows:

A. For a trial by jury;

B.      For a judgment that Defendants violated Plaintiff's rights under either the FLSA or Georgia contract and commission law;

C.      In the event of a judgment in Plaintiff's favor under the FLSA, for full overtime compensation plus interest, liquidated damages equal to the amount of overtime compensation plus interest, attorney fees, and litigation costs;

D.      In the event of a judgment in Plaintiff's favor under state law, for the full value of unpaid commissions plus interest, exemplary damages equal to double the value of unpaid commissions plus interest, attorney fees, and litigation costs; and

E.      For such other and further relief as the Court deems appropriate and just.

This 1st day of Febuary, 2018.

                                          Respectfully submitted,

                                          /s/ Micah Barry
                                          Micah Barry
                                          Georgia Bar No. 103184
                                          Kirby G. Smith
                                          Georgia Bar No. 250119

The Kirby G. Smith Law Firm, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
Phone: (844) 454-7529
Fax: (877) 352-6253
mjb@kirbygsmith.com
kgs@kirbygsmith.com

## **FONT AND POINT CERTIFICATION**

The Undersigned counsel for Plaintiff certifies that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 1st day of February, 2018.

                                                Respectfully submitted,
                                                The Kirby G. Smith Law Firm, LLC

                                                /s/ Micah Barry
                                                Micah Barry
                                                Georgia Bar No. 103184